**Kamaljit SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74095.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.[*]

Decided Feb. 21, 2006.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, DOJ–U.S. Department of Justice Civil Div./Office of Im-

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

migration Lit., Howard M. Blumenthal, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER and BYBEE, Circuit Judges.

MEMORANDUM **

Kamaljit Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Kaur v. Gonzales,* 418 F.3d 1061, 1064 (9th Cir. 2005), we deny the petition for review.

The record does not compel a finding that Singh is credible. *See id.* For example, Singh's testimony regarding his first arrest was both internally inconsistent, and inconsistent with his asylum application, as to whether his father was present during the interrogation, whether he was assaulted by more than one officer and what time of day he was brought from his cell to the yard to be beaten. These discrepancies go the heart of Singh's claim because this arrest was one of two significant encounters that Singh claimed to have had with the police on account of his involvement with the Akali Dal Mann party. *See Wang v. INS,* 352 F.3d 1250, 1257 (9th Cir.2003).

In the absence of credible evidence, Singh has failed to show eligibility for asylum or withholding. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Because Singh's claim under the CAT is based on the same facts that the IJ found to be not credible, and Singh points to no other evidence the IJ should have considered, he has failed to establish eligibility for relief under the CAT. *See id.* at 1157.

**PETITION FOR REVIEW DENIED**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

